SHORES, Justice.
This is an appeal from a summary judgment in favor of the defendant in a medical malpractice case. We reverse.
The complaint charges the defendant physician with negligence in treating the minor plaintiff’s fractured thumb, which occurred while the fourth grader was playing football at Centerville Elementary School on October 5, 1979. He was taken to Bibb County Hospital, where he was examined by Dr. Mendoza. After X-raying the thumb, Dr. Mendoza put the hand in a cast to be worn for three weeks. The thumb continued to cause extreme pain, and plaintiff returned to the hospital two days later where another doctor loosened the cast. Five days later, Dr. Mendoza saw him in his office.
When the cast was removed,. the boy could not move the thumb, and it was described as grotesque and deformed.
On November 7, 1979, a month after the injury, Brian was taken to another physician, Dr. William C. Smith, a general surgeon. He had the thumb x-rayed and also viewed the x-ray taken at Bibb County Hospital. Dr. Smith concluded that the thumb required surgery to correct and he operated on the child on November 8.
In support of his motion for summary judgment, Dr. Mendoza filed an affidavit in which he said:
“At all times that the relationship of physician and patient existed between me and Brian A. Scott, and which is the subject matter of this lawsuit, I exercised such reasonable care, diligence and skill as doctors in the same general neighborhood and national medical neighborhood and in the same general line of practice ordinarily have and exercise in a like case; and at all times during which I examined Brian A. Scott, diagnosed his medical problem, prescribed for him, treated him and otherwise attended him as a physician, I exercised the standard of care required of me and required of doctors in the same general neighborhood and national medical neighborhood and in the same general line of practice in a like case and under the conditions which prevailed during said relationship.”
This affidavit was filed on April 2, 1981. Argument on the motion was set for August 18, 1981. At that time, the docket sheet indicates that the matter was “continued by agreement.” On August 24, 1981, the plaintiff filed a supplement to interrogatories, naming Dr. William C. Smith as the expert witness for the plaintiff. On September 18, 1982, the plaintiff filed the following affidavit of Dr. Smith in opposition to Dr. Mendoza’s motion for summary judgment:
“My name is Dr. William C. Smith. I am over the age of twenty-one years and a resident citizen of Selma, Alabama. I am engaged in the practice of general surgery in Selma, Alabama and have been for 20 years. I am licensed to practice medicine by the appropriate licensing authorities of this State.
“On or about November 7, 1979, I treated Brian A. Scott for an injured thumb. I was advised at the time that *10 the child had been treated by another physician. I determined, and my initial diagnosis was, that the thumb was dislocated. I viewed x-rays taken at the Bibb County Hospital on October 5, 1979 before the thumb was placed in a cast. (See Exhibit A attached.) I determined that the thumb was in substantially the same condition when I saw the patient as at the time the Bibb County x-ray was taken. An x-ray was subsequently obtained at the New Vaughn Memorial Hospital on or about November 8, 1979 and that x-ray confirmed my diagnosis the thumb was still dislocated. (See Exhibit B attached.) Surgery was subsequently performed on Brian Scott to correct the condition of the thumb which had been placed in a cast for approximately three and one-half weeks.
“It is my professional opinion that the thumb which I viewed had either
“(1) not been properly relocated;
“(2) had been injured since the time of its relocation by the prior attending physician, or
“(3) through its own motion had become dislocated.
“DATED Friday, September 18, 1981.”
The trial court granted Dr. Mendoza’s motion for summary judgment on January 4, 1982. After the trial court denied the plaintiff’s motion to vacate the summary judgment, this appeal followed.
As we have said so often, summary judgment is appropriate only when there is an absence of any genuine issue of a material fact. On appeal, the plaintiff argues that a genuine issue of fact exists in this case on the very material issue of whether Dr. Mendoza was negligent in treating the child’s injured thumb. Dr. Mendoza responds to this assertion in two ways. First, he says the trial court is not required to consider any matter in opposition to a motion for summary judgment filed after submission of the motion, and he says that Dr. Smith’s affidavit was not filed until after submission, which he says occurred on August 28, 1981.
First of all, the docket sheet does not contain any note of submission on August 28 or otherwise. It does show that the case was continued by agreement on August 18. It also shows that no ruling was made on the motion until January 4, 1982, at which time the court had before it Dr. Smith’s affidavit.
While it is true that we said in Guess v. Snyder, 378 So.2d 691 (Ala.1979), that a trial court can consider only that material before it at the time of submission of a motion for summary judgment, citing Mathis v. Jim Skinner Ford, 361 So.2d 113 (Ala.1978), we also expressly said:
“We are not to be understood as holding that the trial judge could not have considered the tardy affidavit if the record clearly indicated it had been presented to him before his ruling on summary judgment.”
378 So.2d at 693.
In this ease, the record does not show that the affidavit of Dr. Smith was filed after submission. In fact, it shows that it was filed just one month after the cause was continued by agreement, which the plaintiff says was to allow time for filing the affidavit, which was delayed because of trouble locating the x-rays. Therefore, we are not persuaded that the trial court did not consider Dr. Smith’s affidavit in ruling on the motion for summary judgment.
We are more inclined to think the trial judge agreed with the appellee’s second argument in support of the summary judgment. He says that summary judgment was proper because Dr. Smith’s affidavit does not refute the evidence, by which he means the affidavit, offered by Dr. Mendoza. He says the opinion of Dr. Smith that the thumb was “not properly relocated” simply describes an unfortunate result and does not suggest negligence on the part of Dr. Mendoza. We disagree.
Dr. Mendoza simply offers a general statement to the effect that he exercised the proper standard of care and, thus, is entitled to judgment as a matter of law.
*11 In response to that, the’plaintiff offers the statement of an expert that it is his opinion that the thumb could have been relocated improperly. This is enough to raise an issue of fact on the question of negligence. To be sure, a jury may conclude that the surgery was required because the thumb was injured again, after its relocation by Dr. Mendoza, another of the possibilities in Dr. Smith’s opinion, in which event the verdict would be in favor of the defendant, but the plaintiff is entitled to a trial on the question.
The judgment of the trial court is reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.