This is an appeal from an order granting the defendant doctor's motion for summary *Page 692 
judgment in a medical malpractice suit. We affirm.
On December 13, 1977, Guess, as administratrix of the estate of Bessie Strickland, filed a medical malpractice action against Dr. A.F. Snyder and Dale County Hospital, alleging that the death of her intestate was proximately caused by the negligence of the defendants which allegedly occurred during the course of an esophagoscopy performed by Dr. Snyder. The hospital moved for and was granted summary judgment because of immunity from tort liability. The correctness of that judgment is not before us on this appeal.
On September 13, 1978, Dr. Snyder moved for summary judgment with supporting answers to interrogatories and a supporting affidavit from Dr. Connie Chandler. Oral argument on the motion was set for November 6, 1978. Plaintiff was granted a continuance until January 15, 1979, in order to obtain an opposing affidavit, the court in its order warning plaintiff that the motion would be granted unless the opposing affidavit was filed by January 15. On January 16, plaintiff moved for and was granted another extension of time to secure an affidavit by February 1. On February 9 plaintiff filed an affidavit from her attorney, attaching a letter from a Kentucky physician to the attorney as an exhibit. On February 22, the court set Snyder's motion for additional oral argument on March 2, and argument was heard on that date with the cause then submitted for a ruling thereon. On March 9, plaintiff filed an opposing affidavit from the Kentucky physician. On March 14, the trial judge granted defendant Snyder's motion for summary judgment based upon the material submitted as of March 2.
On this appeal, plaintiff contends that the material presented by defendant Dr. Snyder was insufficient to support a motion for summary judgment. Plaintiff's contention is that both Dr. Snyder, who answered the interrogatories, and Dr. Connie Chandler, who executed a supporting affidavit, have an interest in the case, or are biased, and therefore should be subject to cross examination at trial in order for the jury to determine what weight to give their testimony. We cannot agree.
Plaintiff's contention might have merit if plaintiff had supplied the court with a timely filed counter affidavit which raised a genuine issue as to a material fact. However, we consider that the trial court held that the affidavit supplied by plaintiff's attorney was insufficient under Rule 56 (e), ARCP. Attached to the affidavit, was simply a letter from the Kentucky physician to the attorney with a "preliminary opinion" that Dr. Snyder had performed the operation negligently.
The trial court can consider only that material before it at the time of submission of the motion. Mathis v. Jim SkinnerFord, Inc., 361 So.2d 113 (Ala. 1978); Engel Mortgage Co., Inc.v. Triple K Lumber Company, Inc., 56 Ala. App. 337,321 So.2d 679 (1975).
To like effect are the federal cases, interpreting FRCP 56. Any material filed after submission of the motion comes too late. In Re Yarn Process Pat. Valid. Anti-Trust Litigation,398 F. Supp. 31, 63 (S.D.Fla. 1975), Fortner Enterprises, Inc.v. United States Steel Corp., 293 F. Supp. 762, 769 (W.D.Ky. 1966).
In this case, the only material before the trial court at time of submission was Dr. Snyder's answers to interrogatories and Dr. Chandler's affidavit, both of which supported Dr. Snyder's motion for summary judgment. Plaintiff had no material on file to oppose Dr. Snyder's motion, except the unsworn hearsay letter from the Kentucky physician. The affidavit filed March 9 was unquestionably untimely. The cause had already been submitted to the court on March 2. Thus, we do not know whether the trial court was even aware of the tardy affidavit. EngelMortgage Co., Inc. v. Triple K Lumber Company, supra. We judicially know that March 9, 1979, was a Friday. We also know the judgment was dated March 14, the following Wednesday. It is very likely that the trial judge did not know of the filing of the tardy affidavit *Page 693 
when he made his ruling. Certainly, the duty fell on the plaintiff's attorney to timely file and present his supporting papers.
The material submitted by Dr. Snyder, in support of his motion for summary judgment, was sufficient to demonstrate that there was no genuine issue as to any material fact on March 2, and that he was thus entitled to the entry of judgment as a matter of law. The burden was then cast upon the plaintiff to prove, at the least, a scintilla of evidence demonstrating a genuine issue as to any material fact. We hold the plaintiff failed to meet this burden in this case. Liner v. Temple,373 So.2d 638 (Ala. 1979). We are not to be understood as holding that the trial judge could not have considered the tardy affidavit if the record clearly indicated it had been presented to him before his ruling on summary judgment.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.