BEATTY, Justice.
Appeal from the denial of defendants’ “Motion for Relief from Judgment and for New Trial,” pursuant to Rules 59 and 60, Alabama Rules of Civil Procedure. We affirm.
This case began as an action of ejectment, see Code of 1975, § 6-6-280, brought by plaintiff, AVCO Financial Services One, Inc. (AVCO), against the defendants, Rogers and Ida Mae Beckley. The property, a subdivision lot, is located in the city of Tuscaloosa. AVCO was assignee of a mortgage given by the defendants on real property. Payments on the mortgage indebtedness having become delinquent, AVCO foreclosed and acquired title on July 31, 1981. A notice and demand for possession of the property, dated August 5, 1981, was delivered to the defendants on August 11, 1981. A like notice, dated October 20, 1981, was delivered to defendants on October 21,1981.
Meanwhile, on October 1, 1981, the defendants filed a petition in bankruptcy in the Bankruptcy Court for the Western District of Kentucky. This bankruptcy petition, however, was dismissed in an Order of Dismissal on February 18, 1982, thus denying the discharge of defendants’ debts. This order was not mailed to AVCO until March 1, 1982, and was received on March 4, 1982. Then on March 8, 1982, the complaint in the instant action was filed. On March 18, 1982, the Kentucky bankruptcy court entered an order which recited that “this matter was reinstated after cause was shown” and then proceeded to once again dismiss the bankruptcy petition of Mrs. Beckley, vacating an order of relief previously entered on October 1, 1981.
On April 22, 1982, an “Alias and Amended Complaint” was filed by plaintiff. The defendants were served with this amended complaint on April 28, 1982. The defendants filed no answer or other responsive pleading within the thirty-day period following service of the amended complaint; consequently, AVCO, on June 2, 1982, moved for default judgment. On June 18, 1982, the Circuit Court of Tuscaloosa County granted that motion and ordered the issuance of a writ of possession. The circuit clerk issued the writ and it was executed on June 24, 1982. On June 28, 1982, defendants filed their motion for relief. Following a hearing, the motion was denied on June 30, 1982.
Because the sequence of events is significant, we detail their dates:
1981
July 31 Foreclosure of Beckley mortgage by AVCO.
August 11 Delivery of notice of foreclosure and demand for possession to Beckleys.
October 1 Beckleys filed petition in bankruptcy.
October 21 Second delivery of notice of foreclosure, etc.
1982
February 18 Dismissal of bankruptcy petition.
March 8 Complaint in ejectment filed in circuit court.
March 18 Dismissal of previously reinstated petition of Mrs. Beckley and vacation of order of relief previously entered on October 1, 1981.
April 22 Amended complaint filed in circuit court by plaintiff.
April 28 Beckleys served with amended complaint.
June 2 Plaintiff moved for default judgment.
*435 1982
June 18 Circuit court granted plaintiff’s motion for default judgment.
June 24 Writ of possession executed.
June 30 Defendants’ motion for relief from judgment denied.
August 11 Notice of appeal.
Two issues are presented for our review:
(1) Whether or not AVCO’s complaint in ejectment filed on March 8, 1982, was void under the provisions of the bankruptcy law, 11 U.S.C. § 362;
(2) Whether or not the circuit court abused its discretion when it denied the defendants’ motion for relief from the default judgment.
I
Section § 362, supra, with certain exceptions not applicable here, operates to stay the continuation of a judicial proceeding commenced before the commencement of the bankruptcy proceeding, e.g., to obtain possession of property of or from the estate, or to enforce a lien against property of the debtor. This automatic stay of such proceedings, however, ceases to exist when the bankruptcy proceeding is closed, dismissed, or discharge is either granted or denied, whichever comes first. 11 U.S.C. § 362(c)(2).
The defendants’ argument before us proceeds on the assumption that they were subject to the jurisdiction of the bankruptcy court when plaintiff’s complaint in ejectment was filed on March 8,1982. We doubt the validity of this argument because the subject property was no longer the property of the defendants on October 1, 1981; the foreclosure had occurred on July 31, 1981, and the ten-day demand letter required by Code of 1975, § 6-5-233(c) had been delivered without a response. Accordingly, there was no right of redemption extant. Cf. Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662 (1937).
However, even if we assume arguendo that the defendants were in bankruptcy court when plaintiff’s complaint was filed in state circuit court on March 8, 1982, still the defendants’ argument cannot prevail. On the one hand, defendants argue that they were not required to respond, by answer or otherwise, to the plaintiff’s complaint of March 8, 1982, because they had theretofore been debtors in bankruptcy court and thus could be excused from pleading in state court. But the record reveals that they were first dismissed from bankruptcy court on February 18, 1982, more than two weeks before plaintiff’s complaint was filed. Moreover, after March 19, 1982, long before the default judgment against them was rendered, the bankruptcy court vacated its order of relief for Mrs. Beckley which had been entered the previous October 1, 1981. The record does not show any jurisdiction of the bankruptcy court over the Beckleys after March 19, 1982; thus there was no stay of proceedings in the state circuit court, which led to the default judgment of June 18, 1982.
Nor can the defendants gain anything by their position that the orders of the bankruptcy court, on the other hand, could constitute their “answer” or some other defense to plaintiff’s ejectment complaint. We do not perceive the Alabama Rules of Civil Procedure to allow an order of a federal bankruptcy judge to amount to a response by a debtor in bankruptcy to an action filed against him in a state circuit court. Finally, it seems hardly necessary to point out that the earlier order of the bankruptcy court could not be a response to a complaint which had not even been filed when the order was issued.
II
A trial court possesses broad discretion in considering motions for relief from judgment and will not be reversed absent an abuse of that discretion. Ex parte Hartford Ins. Co., Ala., 394 So.2d 933 (1981). On appeal from the trial court’s action, we look to the grounds asserted and the matters presented in support.
The circuit court was warranted by the facts presented in denying relief from the default judgment. The record below pertaining to the defendants’ motion con *436 sisted of the motion for relief itself and AVCO’s response. The record evidence before the trial court showed that as of February 18, 1982, the defendants had been dismissed from bankruptcy proceedings and thus were no longer subject to that jurisdiction. There was nothing of record below or here indicating that the defendants were in bankruptcy court on March 8,1982, the date AVCO filed its ejectment complaint in circuit court. We are, of course, bound by that record. Great Atlantic and Pacific Tea Co., Inc. v. Sealy, Ala., 374 So.2d 877 (1979). Under that state of the record we cannot conclude that the court below erred in denying relief from the judgment. Therefore, that judgment must be, and it is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.