Wayne Willis worked for Ideal Basic Industries for almost twenty-six years. On September 22, 1983, Willis's supervisors, N.A. Nicholson and Jim Gregory, told him that a recent member of his staff, Sandra Steffens, had accused him of sexual harassment. Willis denied the charges and told them that in fact he was thinking of recommending that Steffens be fired because she had recently overpaid herself and had failed to account for office petty cash expenditures. Nicholson and Gregory conducted a brief investigation into the matter, and on the following day, Friday, September *Page 445 
23, they presented Willis with a resignation form. They told him that if he would resign, then Ideal would give him vacation pay through the end of the year and thereafter pay him normal retirement benefits. Willis said that he did not want to resign and again denied Steffens's allegations. He asked if he could wait until Monday to sign the resignation. Nicholson replied, "No, Wayne, it is best for you that you do it now." Willis signed the form.
Three weeks later, Willis received a letter from Gregory stating that Willis was being paid from September 23 to December 31. Enclosed with the letter was an application for retirement benefits and a computer printout indicating that Willis would receive "early" retirement benefits of $350.36 per month, according to the company pension plan formula for determining benefits for those retiring before age 65. Willis wrote a letter to Gregory, explaining that he had been told that he would receive "normal" retirement benefits, not early benefits. According to Willis, normal benefits amounted to $1,059.00 per month — the amount he would have ordinarily received if he had continued to work until he reached age 65. Gregory disputed Willis's interpretation of their earlier conversation and told him that he would receive the lesser amount.
Willis filed an action against Steffens and Ideal, alleging defamation against Steffens and alleging wrongful discharge, fraud, and breach of contract against Ideal. After discovery, both defendants moved for summary judgment, accompanying their motions with affidavits. Willis did not file any counter-affidavits, and the trial court granted summary judgment to both defendants. Willis filed a motion to reconsider and included an affidavit, which, for the first time, brought before the court those facts concerning events occurring after the resignation — specifically, the dispute over the term "normal." The court denied Willis's motion, and this appeal followed. We affirm the judgment of the trial court.
According to Rule 56 (c), A.R.Civ.P., summary judgment will be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. If there is a scintilla of evidence supporting the position of the non-moving party, so that a triable issue is entitled to go to the jury, then summary judgment cannot be granted. Coggin v. Starke Brothers Realty Co., 391 So.2d 111,112 (Ala. 1980). The slightest genuine issue of material fact would render the trial judge's granting of summary judgment improper. Coggin, supra. However, "[t]he propriety of granting motions for summary judgment must be tested by reviewing what the trial court had before it when it granted the motion."Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113, 116 (Ala. 1978). On a motion for rehearing, the plaintiff must show circumstances which prevented his presenting evidence to counter that offered in support of the summary judgment.Mathis, supra.
On appeal, Willis raises two issues for our consideration. First, Willis contends that Ideal fraudulently induced him to resign by promising him retirement benefits greater than those he is now receiving. However, most of the facts supporting his fraud claim were not before the trial court when it considered the motions for summary judgment. The trial court had before it only Willis's amended complaint and the affidavits of Nicholson and Gregory. The complaint contained this bare allegation:
 "20. On or about September 23, 1983, Plaintiff was informed by . . . Ideal, that if the Plaintiff would terminate his employment voluntarily, he would receive normal retirement benefits effective December 31, 1983.
 "21. That the representation concerning the normal retirement benefit . . . [was] false, and the Defendant knew that the statements were false; or the Defendant, without knowledge of the true facts, recklessly misrepresented them; or said representations were made by mistake, but with the intention that Plaintiff should rely upon them. *Page 446 
 "22. Plaintiff believed the representations, and in reliance upon them resigned his employment with Defendant Ideal, and Plaintiff was damaged, because he did not receive such benefits."
The affidavits of Nicholson and Gregory both stated:
 "6. That the retirement benefits to which employees of IDEAL are entitled, are set forth in the Ideal Cement Company Pension Plan B for Salaried Employees . . . and Plaintiff, Wayne Willis, is now and has been since the date of his retirement receiving the retirement benefits provided by said Pension Plan;
 "7. That neither affiant [N.A. Nicholson] nor Jim Gregory have any authority to vary the terms of the Pension Plan;
 "8. That neither affiant nor Jim Gregory have ever told Plaintiff that he would or could receive any retirement benefits over and above the normal benefit payable pursuant to the Pension Plan to a person who retires at Plaintiff's age and with his years of service."
The allegation in the complaint is not sufficient to raise a genuine issue of material fact in view of the factual statements contained in the sworn affidavits offered in support of the motion for summary judgment. Only when Willis filed the motion to reconsider did he attempt to develop this issue by offering a supporting affidavit. However, in his motion to reconsider, Willis failed to show any circumstances which prevented his offering this evidence earlier to counter that offered in support of summary judgment. The trial court properly refused to set aside summary judgment on this issue.
Willis also asks this Court to carve out a narrow public policy exception to the employment-at-will doctrine to permit an action for wrongful discharge. An employment agreement is terminable at the will of either party unless the contract provides otherwise or establishes a specific period of employment. Martin v. Tapley, 360 So.2d 708 (Ala. 1978). In the case before us, Willis fails to come within the very theory he asks us to consider. Understandably, he cannot identify the particular public policy affronted in a case where the fired employee is alleged to have committed acts of sexual harassment. "This case presents nothing to justify adoption of an exception to the longstanding rule of this jurisdiction."Johnson v. Gary, 443 So.2d 924, 926 (Ala. 1983). The trial court's granting of summary judgment on this issue was correct as a matter of law.
Because Willis did not appeal from the summary judgment for Steffens, that judgment is not reviewed here.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
JONES, J., concurs in the result.
ALMON, J., not sitting.