501 So.2d 1187 (1986)
Person MOORE, Jr.
v.
Dr. John D. GLOVER.
85-166.
Supreme Court of Alabama.
December 19, 1986.
*1188 Alva C. Caine of Hare, Wynn, Newell & Newton, Birmingham, for appellant.
W. Stancil Starnes and W. Hill Sewell of Starnes & Atchison, Birmingham, for appellee.
BEATTY, Justice.
This is an appeal by the plaintiff, Person Moore, Jr., from an order granting summary judgment in favor of the defendant, Dr. John D. Glover, on the ground that plaintiff's action for medical malpractice was barred by the applicable statute of limitations, Code of 1975, § 6-5-482. We affirm.
Plaintiff underwent two surgical procedures, one on October 17, 1979, and another on October 18,1979, for the removal of a tumor located on plaintiff's pituitary gland and optic nerve. Following his discharge from the hospital on October 27, 1979, plaintiff was to begin radiation therapy for the purpose of reducing the chances of a recurrence of the tumor.
Plaintiff began his radiation therapy on November 12, 1979. This therapy was performed by the defendant, Dr. Glover. Glover administered 400 rads of radiation per session for 25 sessions between November 12, 1979, and December 18, 1979, this latter date being the date of plaintiff's last session of radiation therapy. Plaintiff thereafter returned to work and remained at work until February 1981, when he began experiencing severe headaches, problems with his memory, and personality changes.
On April 22, 1981, plaintiff underwent decompressive cranial surgery. On May 5, 1981, he was discharged from the hospital and was diagnosed as suffering from radiation necrosis. This diagnosis was confirmed by another doctor on May 20, 1981. Eleven months later, on April 20, 1982, plaintiff filed this malpractice action against Dr. Glover, alleging negligence in the administration of the radiation treatments; specifically, plaintiff alleged that Dr. Glover administered dosages of radiation in excess of the amount required to treat the tumor.
On August 15, 1985, Dr. Glover filed a motion for summary judgment, contending that the plaintiff's claim was barred by the statute of limitations for medical malpractice actions, § 6-5-482, supra. This motion was set for a hearing on September 12, 1985, but was continued on that day until September 26, 1985. The record reflects that plaintiff filed nothing prior to September 26 in opposition to the defendant's motion for summary judgment. The trial court granted the motion on September 26 and, by its order, directed that the judgment be entered as a final judgment pursuant to Rule 54(b), A.R.Civ.P.
On October 1, 1985, plaintiff filed a motion styled "Motion to Reconsider Motion for Summary Judgment." The authority for such a post-judgment motion is Rule 59(e), A.R.Civ.P., which provides that motions to "alter, amend, or vacate the judgment shall be filed not later than 30 days after entry of the judgment." As grounds for his motion for reconsideration, plaintiff alleged that the statute of limitations was tolled as a result of plaintiff's incompetency, and, in support thereof, plaintiff submitted the affidavit of plaintiff's brother and plaintiff's discharge summary from the Veterans' Administration Hospital in Biloxi, Mississippi. However, the plaintiff did not allege any grounds (e.g., excusable neglect, newly discovered evidence, etc.) which, if proven, would have excused plaintiff's failure to submit the evidence described above prior to the time defendants' motion for summary judgment was taken under submission. The trial court overruled plaintiff's motion on November 7, 1985, and plaintiff filed his notice of appeal to this Court the same day.
The trial court correctly denied plaintiff's motion to reconsider, because that motion was not intended to have the trial court reconsider the evidence on which it had based its order granting summary *1189 judgment. Rather, plaintiff's motion, with its attached exhibit and affidavit, sought to have the trial court reconsider its grant of summary judgment in light of the new evidence (as opposed to "newly discovered evidence") belatedly submitted by plaintiff. This is not the purpose of a Rule 59(e) motion. A motion for reconsideration made after the entry of an order granting a summary judgment is not proper where the motion is not directed to a reconsideration of the evidence upon which summary judgment was based or does not seek a reargument of the legal considerations underlying the initial judgment, but is instead simply used by the plaintiff to submit evidence, belatedly, in opposition to the defendant's motion for summary judgment. A Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment.
In the present case, there were no allegations nor any proof whatsoever offered by the plaintiff to establish that the evidence submitted with his motion for reconsideration was "newly discovered evidence which by due diligence could not have been discovered" before submission of defendants' motion for summary judgment. A party moving for relief from judgment on the ground of newly discovered evidence has the burden of showing that he now has such "newly discovered" evidence and why, through due diligence, it was not discovered in time to prevent judgment from being entered against him. Gallups v. United States Steel Corp., 353 So.2d 1169 (Ala.Civ.App.1978). Nor was there any showing of excusable neglect, fraud, etc. By his motion, the plaintiff merely sought a reconsideration of the legal issue presented by the defendant's motion (viz., the timeliness of plaintiff's action), but in light of the additional evidence belatedly submitted by plaintiff along with his motion for reconsideration. Clearly, however, had plaintiff offered a proper explanation for his failure to offer that additional evidence in response to defendant's motion for summary judgment, the trial court could have considered it in deciding whether to amend or vacate its entry of summary judgment.
In determining whether to grant or deny a motion for summary judgment, "[t]he trial court can consider only that material before it at the time of submission of the motion.... Any material filed after submission of the motion comes too late." Guess v. Snyder, 378 So.2d 691, 692 (Ala. 1979). In Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113, 116 (Ala.1978), this Court was presented with a situation quite similar to that in the instant case. We explained:
"The plaintiff offered no evidence by way of affidavit or otherwise in opposition to the motion for summary judgment, which the defendants supported by deposition. On motion for rehearing, he did offer an affidavit in which he contradicted statements made by him in deposition. He offered no explanation of his failure to offer evidence in response to the defendants' motion and, at that stage, simply relied on his pleading. The propriety of granting motions for summary judgment must be tested by reviewing what the trial court had before it when it granted the motion. Here it had only the pleadings and the deposition of the plaintiff which established the absence of an issue of fact as to the claims asserted. It was, therefore, incumbent upon the plaintiff, on rehearing, to show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment. Absent that, the trial court did not abuse its discretion in refusing to set aside the summary judgment. Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla.App.1977); Rule 56(e), ARCP." (Emphasis added.)
Most recently in Willis v. Ideal Basic Industries, Inc., 484 So.2d 444, 445 (Ala. 1986), this Court, citing Mathis v. Jim Skinner Ford, Inc., supra, held that, on a motion to reconsider the grant of summary judgment, "the plaintiff must show circumstances *1190 which prevented his presenting evidence to counter that offered in support of the summary judgment."
Accordingly, this Court's review of the trial court's grant of summary judgment shall be limited to the state of the record prior to the trial court's entry of its order on September 26,1985. Under that review, we hold that plaintiff's claim was time-barred and that summary judgment was, therefore, proper.
It is undisputed that plaintiff received his last radiation therapy treatment on December 18, 1979. Although not in a medical malpractice context, this Court's opinion in Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979), settled the question of the "accrual" of a plaintiff's claim in a radiation exposure case for purposes of determining when the applicable statute of limitations begins to run, assuming the nonapplicability of a "discovery rule":
"When does the statute of limitations begin to run for injuries suffered as a result of radiation exposure? We conclude that it begins to run when the plaintiff is exposed to radiation and an injury occurs.

"...
"The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action `accrues.' The cause of action `accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon [i.e., is injured].
"...
"The injury in this case occurred on the date or dates of exposure. This is not a case where an injury did not occur until it made itself manifest by its symptoms.
"It is thus that we hold that the statute of limitations ... began to run when plaintiff was last exposed to radiation...." (Emphasis added.) Id. at 517-21.
The statute of limitations applicable in the present case is found at § 6-5-482(a), and this section does contain a limited "discovery rule":
"(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act...." (Emphasis added.)
The plaintiff was diagnosed by two physicians as suffering from radiation necrosis, the date of the second diagnosis being May 20, 1981. This latest "discovery" date was within two years of plaintiff's last radiation treatment on December 18, 1979. Under Garrett v. Raytheon, supra, that date of last treatment is the date plaintiff's cause of action accrued. Thus, the defendant is correct in arguing that, under the language of the limitations statute (§ 6-5-482(a)), the "discovery" saving provision, which gives an additional six months from the date of discovery, would not come into play in plaintiff's case, because his "cause of action ... [was] discovered ... within such [two-year] period." Even assuming that the additional six-month provision does apply in plaintiff's case (Cf. Tucker v. Nichols, 431 So.2d 1263 (Ala.1983), the action was still time-barred because plaintiff waited eleven months from the date of discovery (May 20, 1981) to file this malpractice action (it was filed on April 20, 1982); thus he did not file his action within six months of discovery.
Under the facts of this case, plaintiff's claim should have been filed within two years from the date of his last radiation treatment. It was not. Therefore, based *1191 on the foregoing, summary judgment in favor of the defendant was proper. Accordingly, the judgment below is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Justices concur, except TORBERT, C.J., who concurs specially.
TORBERT, Chief Justice (concurring specially).
It is my understanding that the Court's opinion holds that this plaintiff did not "on rehearing ... show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment," as Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113, 116 (Ala.1978), requires. Had this plaintiff shown cause why he could not present the evidence he was offering in his "motion to reconsider" in time to prevent judgment from being entered against him, then, under the Court's analysis, he would have been able to present that evidence to the trial court.
Courts are to take a motion for what it is and not for what it says. The nomenclature of a motion is not controlling. Ex parte Hartford Ins. Co., 394 So.2d 933, 935 (Ala.1981). Taking plaintiff's motion for what it is and not for what it is labelled, it is clear that the trial court could have considered plaintiff's evidence in deciding whether to amend or vacate its entry of summary judgment if plaintiff had offered a proper explanation for his failure to offer that evidence in response to defendant's motion for summary judgment. Plaintiff's motion is not a motion to "reconsider" a previous post-judgment motion;[1] it is an original post-judgment motion filed within 30 days of the judgment, and as such, it falls within the scope of Rule 59, A.R. Civ.P.
The trial court possesses broad discretion in considering motions for relief from judgment. Beckley v. AVCO Financial Services, One, Inc., 430 So.2d 433, 435 (Ala. 1983). Courts of record have inherent power, independent of statute, to set aside and vacate their orders and judgments. City of Union Springs v. Evans, 286 Ala. 412, 413, 240 So.2d 662, 664 (1970). The trial court has the power to open or vacate a judgment upon a showing of good cause. Grigsby v. Liles, 274 Ala. 67, 71, 147 So.2d 846, 850 (1962). During the 30-day period after the entry of judgment, the trial court has great judicial discretion that it may exercise over its final judgment. The trial judge should be able to consider any evidence in deciding whether to vacate the entry of summary judgment. Any reasonable explanation of the party's failure to offer evidence in response to a motion for summary judgment will suffice, but this does not mean that under the guise of a Rule 59(e) motion a party can belatedly submit available evidence in opposition to a motion for summary judgment.
Since the plaintiff did not show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment, this Court's review of the trial court's grant of summary judgment is correct.
Even if the trial court had considered the evidence offered with the plaintiff's motion, summary judgment would still have been proper. Plaintiff contends that under Code 1975, § 6-2-8(a), the statute of limitations was tolled as a result of his alleged incompetence. He claims that he became incompetent in the summer of 1981. Plaintiff's claim accrued on December 18, 1979. Section 6-2-8(a) states:
"If anyone entitled to commence any of the actions enumerated in this chapter... is, at the time such right accrues,... insane ..., he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action...." (emphasis added)
This Court has made it clear that intervening disability does not bring a party within *1192 this section. Whitson v. Baker, 463 So.2d 146 (Ala.1985); Street v. Shaddix, 197 Ala. 446, 73 So. 73 (1916). Plaintiff does not claim to have become incompetent until well after his claim accrued.
NOTES
[1] Indeed a party's motion to "reconsider" the ruling on his own prior post-judgment motion is not authorized by our Rules of Civil Procedure. Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985).