ADAMS, Justice.
This dispute arose over a title insurance policy issued by First American Title Insurance Company through its agent, Preferred Research, Inc., to Investors Trust, Inc., with regard to a mortgage taken by Investors Trust on property purchased by Joe Bob Stone and Cassie Stone. Investors Trust had lent the Stones $20,000 to finance the purchase of the property upon which the title policy was issued. Of the $20,000 loan amount, $12,000 was applied to the purchase of the property. The title policy failed to exclude from coverage judgments recorded with the Probate Court of Randolph County against the Stones.
Two years later, Investors Trust foreclosed on the property and sought to sell it at auction. Investors Trust discovered the judgments and then sued First American and Preferred Research for the title insurance policy limits of $20,000, plus interest and costs. First American filed a cross-complaint against Preferred Research, pursuant to their agency agreement providing that Preferred Research would defend and indemnify First American. The pertinent clause in the agency contract between First American and Preferred Research obligated Preferred Research as follows:
“[T]o indemnify [First American] for all loss, cost or damage which [First American] may sustain or become hable for on account of: _ Failure of any commitment, binder, title report or policy issued by Agent or through Agent’s office ... to reflect the then condition of the title resulting from or occurring by reason of errors or omissions in Agent’s abstracting or record search of the title....”
When Preferred Research failed to respond to letters from First American regarding its obligation to defend and indemnify, First American settled with Investors Trust for the title limits of $20,000, plus costs, for a total of $23,350. First American then sought reimbursement from Preferred Research pursuant to the agency contract between First American and Preferred Research. The trial court initially entered a default judgment against Preferred Research for its failure to appear for a docket call on January 4,1991. The court later set aside the default judgment; however, the trial judge subsequently entered a summary judgment in favor of First American. At the time the summary judgment was entered, Preferred Research had filed nothing in opposition to First American’s motion for summary judgment. First American’s motion was supported by an affidavit by Joyce Schenewerk, which stated, in pertinent part:
“In connection with the issuance of [the title insurance policy to Investors Trust] Preferred Research was to investigate and research the status of title to the subject property. As a result of errors or omissions on the part of Preferred Research in performing that title search, two judgments recorded in the Probate Office of Randolph County, Alabama, were not discovered or disclosed. Copies of those re *863 corded judgments are attached as Attachments C and D.
“As a result of these errors or omissions by Preferred Research, First American was sued by Investors Trust for the policy limits of $20,000.00, together with interest, attorney’s fees and court costs. It was not until after suit had been filed by Investors Trust that Preferred Research notified First American of the claim by Investors Trust.
“Pursuant to the terms of the agency agreement, demand was made that Preferred Research indemnify First American pursuant to the agency agreement. Preferred Research failed to abide by the terms of the agency agreement and First American was required to pay $28,350.00 to satisfy its obligation under the title insurance policy. Payment of $23,350.00 was tendered to counsel for Investors Trust, Inc. on August 7, 1990.”
Preferred Research thereafter filed a motion to set aside the summary judgment, accompanied and supported by two affidavits, one from J.E. Whittington, who had done the title search, and one from Richard McCauley, the president of Preferred Research. The trial court denied the motion to set aside the summary judgment. Preferred Research appeals; we affirm.
When the trial court ruled on the motion for summary judgment, Preferred Research had offered nothing in opposition to that motion, as required by the substantial evidence rule. A party moving for a summary judgment must make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Olympia Produce Co. v. Associates Financial Services of Alabama, Inc., 584 So.2d 477 (Ala.1991). If the movant makes such a showing, the nonmovant must rebut that showing by “substantial evidence.” See Ala. Code 1975, § 12-21-12. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989).
Only after the summary judgment had been entered did Preferred Research offer affidavits tending to question the merits of the underlying claim for which First American claimed indemnification.
“In determining whether to grant or deny a motion for summary judgment, ‘[t]he trial court can consider only that material before it at the time of submission of the motion.... Any material filed after submission of the motion comes too late.’ Guess v. Snyder, 378 So.2d 691, 692 (Ala.1979).”
Moore v. Glover, 501 So.2d 1187, 1189 (Ala.1986). In Moore, this Court stated:
“In the present case, there were no allegations nor any proof whatsoever offered by the plaintiff to establish that the evidence submitted with his motion for reconsideration was ‘newly discovered evidence which by due diligence would not have been discovered’ before submission of defendants’ motion for summary judgment. .... By his motion, the plaintiff merely sought a reconsideration of the legal issue presented by the defendant’s motion (viz., the timeliness of plaintiffs action), but in light of the additional evidence belatedly submitted by plaintiff along with his motion for reconsideration. Clearly, however, had plaintiff offered a proper explanation for his failure to offer that additional evidence in response to defendant’s motion for summary judgment, the trial court could have considered it in deciding whether to amend or vacate its entry of summary judgment.”
Id. Clearly, like the trial court in Moore, the trial court in this case did not err in entering the summary judgment, considering the evidence before it. Equally clear is the fact that Preferred Research failed to explain its failure to submit the affidavits of Whittington and McCauley before the ruling on the motion for summary judgment. The motion to set the judgment aside was correctly denied.
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.