THOMPSON, Presiding Judge.
The Mobile County Department of Human Resources (“DHR”) appeals from a summary judgment entered in favor of C.S. (“the mother”) by the Mobile Juvenile Court in DHR’s action to terminate the. mother’s parental rights to A.L.C. (“the child”).
This is the second time these parties have been before this court on DHR’s attempts to terminate the mother’s parental rights to the child. In C.S.B. v. State Department of Human Resources, 26 So.3d 426 (Ala.Civ.App.2009),[1] this court reversed a judgment terminating the mother’s parental rights because, we held, that judgment was not supported by clear and convincing evidence. In reaching our conclusion, we noted the mother’s apparent limited mental capacity; however, we pointed out in C.S.B. that “ ‘[pjoverty and limited mentality of a mother, in the absence of abuse or lack of caring, should not be the criteria for taking away a wanted child from the parents.’ In re Hickman, 489 So.2d 601, 602-03 (Ala.Civ.App.1986).” C.S.B., 26 So.3d at 433.
Moreover, during the trial in C.S.B. to determine whether the mother’s parental rights should be terminated,
“no doctor who ha[d] evaluated the mother was allowed to testify about or submit reports regarding those evaluations, there [was] no evidence as to the extent of the mother’s limited mental capacity, whether the mother’s mental limitations prevented] her from being able to fulfill her parental responsibilities to the child, and whether the mother’s condition [was] likely to change.”
Id. at 432. On appeal, DHR failed to challenge
“the juvenile court’s refusal to admit expert testimony regarding the mother’s mental capacity,and whether she suffered from any .mental illness. DHR also failed to present evidence showing the extent of the child’s cerebral palsy or how the child is affected.by the condition. The juvenile court sustained the mother’s objection to the testimony of DHR workers who appeared to be ready to testify as to whether, because of the cerebral palsy, the child was in need of special attention beyond what the mother is capable of providing. DHR did not appeal from the juvenile court’s ruling.”

Id.

Our opinion in C.S.B. was issued in April 2009. The record in this case indicates that on May 5, 2010, DHR filed a second petition to terminate the mother’s parental rights, which was based on the same facts that DHR had alleged in support of its original petition. The litigation in the second case proceeded, and, on March 28, 2011, the mother filed a motion for a summary judgment. In support of her motion, the mother included, among other things, DHR’s response to an interrogatory the mother had propounded in which she *782 asked DHR to state “each and every change in circumstance” that had occurred since the trial on the first petition to terminate the mother’s parental rights. DHR’s response to the interrogatory, in its entirety, was: “There is no change. The mother was not able to parent then and is still not able to parent.”
DHR filed an opposition to the mother’s motion for a summary judgment, asserting that the 2010 petition seeking to terminate the mother’s parental rights was based on evidence gathered since C.S.B. was issued in 2009. DHR stated:
“[T]he social worker responded to the mother’s interrogatories that there was no change in circumstance with the mother. That is correct. The mother still has a mental deficiency. However, since the Court of Civil Appeals rendered its decision in April 2009, the mother has had another psychological [examination] from a different psychologist and the mother executed a release of this psychological [examination]. Also DHR has offered the mother services since 2009 that presents new evidence for the court to consider for the termination of parental rights.”
Despite its assertions that it had obtained new evidence since the issuance of the 2009 opinion of this court in C.S.B., DHR did not submit any evidence in opposition to the mother’s motion for a summary judgment.
On July 22, 2011, the juvenile court entered a summary judgment in favor of the mother, stating that it found that there were no genuine issues of material fact and that the circumstances of the mother were the same as when the original termination petition had been filed. The juvenile court ordered DHR to “institute a plan of return to parent” and stated that it would continue to review the mother’s progress toward reunification with the child. DHR filed a motion pursuant to Rule 59, Ala. R. Civ. P., seeking to alter, amend, or vacate the judgment. In the Rule 59 motion, DHR claimed that there were genuine issues of material fact and attached affidavits of the child’s foster parents, a DHR caseworker, and a psychologist who had examined the mother. The mother moved to strike the affidavits. The postjudgment motion was denied by operation of law on August 19, 2011, and the juvenile court did not rule on the motion to strike. DHR filed a petition for a writ of mandamus in this court. We determined that the matter should be treated as an appeal, and the parties filed their appellate briefs accordingly.
DHR contends that the juvenile court erred in entering the summary judgment in favor of the mother. Because of that judgment, DHR says, the court has “inhibited” its attempt to terminate the mother’s parental rights.
The standard by which this court reviews a summary judgment is well settled:
“ ‘ “To grant ... a [summary-judgment] motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); § 12-21-12(d)[,] Ala. Code 1975. Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life As- *783 sur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“ ‘ “In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). Our review is subject to the caveat that we must review the record in a light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).” ’
“Payton v. Monsanto Co., 801 So.2d 829, 832-33 (Ala.2001) (quoting Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999)).”
Maciasz v. Fireman’s Fund Ins. Co., 988 So.2d 991, 994-95 (Ala.2008).
In this case, the mother based her motion for a summary judgment on DHR’s statement in its interrogatory response that there had been no change in the mother’s circumstances since the time of the trial on DHR’s previous petition to terminate the mother’s parental rights. She argued that DHR was precluded from relitigating the same issue, i.e., whether the mother’s parental rights were due to be terminated, based on the same set of facts that had previously been found insufficient to merit the termination of her parental rights. In support of her argument, the mother submitted, among other things, DHR’s unequivocal interrogatory response that there had been no change in circumstance since the trial on DHR’s first petition. DHR reinforced that statement by failing to submit even one piece of evidence in opposition to the mother’s motion for a summary judgment.
In its brief on appeal, DHR repeatedly states that, in its opposition to the mother’s motion for a summary judgment, it asserted that it had new evidence regarding the mother’s mental health and her inability to parent the child and that it had “intended” to present that new evidence at trial. Because the juvenile court granted the mother’s summary-judgment motion, DHR says, it was not provided with the opportunity to present that evidence. DHR further argues that if this court does not reverse the summary judgment, DHR will be “estopped” from presenting that evidence.
DHR’s argument ignores its utter failure to meet the well settled requirements for opposing a properly supported motion for a summary judgment. Once the mother made her prima facie showing that there was no genuine issue of material fact and that she was entitled to a judgment as a matter of law, the burden shifted to DHR to submit substantial evidence creating a genuine issue of material fact. Maciasz v. Fireman’s Fund Ins. Co., 988 So.2d at 994-95, and Rule 56(e), Ala. R. Civ. P. However, DHR failed to submit any evidence, let alone substantial evidence, that would have created a genuine issue of material fact.
The basis for this court’s reversal in 2009 of the judgment terminating the mother’s parental rights was DHR’s failure to demonstrate by clear and convincing evidence that the “circumstances in this case [were] so egregious as to warrant the irrevocable termination of the mother’s parental rights as to the child.” C.S.B., 26 So.3d at 433. In the appeal of this case, DHR asserts that, since April 2009, it has offered the mother further services and that the mother has submitted to further psychological testing. DHR says that it is now prepared to present sufficient evidence demonstrating that the mother is incapable or unwilling to properly parent the child. If in response to the mother’s query as to whether there had been a change in circumstance since the trial on DHR’s first petition, DHR had given a *784 thoughtful response that included that new evidence rather than dismissing the question by replying that there were no changes, then perhaps the mother would not have had a basis to seek a summary judgment. If DHR had submitted even some of the purported new evidence in opposition to the mother’s motion for a summary judgment, then there would have been a basis for the juvenile court to deny the motion. As matters stand, however, when the juvenile court considered the motion for a summary judgment, it had no evidence before it that would indicate that there had, in fact, been a change in circumstance since the trial on DHR’s first petition. Based on the evidence the mother submitted, i.e., DHR’s own interrogatory response, the juvenile court had no option but to grant the motion, and we must conclude that the juvenile court did not err in entering the summary judgment.
DHR also contends that the juvenile court erred by failing to conduct a hearing on its motion to alter, amend, or vacate the summary judgment. Generally, when a party requests a hearing on a postjudgment motion, the court must grant that request.
“Rule 59(g), Ala. R. Civ. P., provides: “ ‘Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.’
“(Emphasis added.) Describing the effect of the emphasized part of that rule, our supreme court has held that when a party requests a hearing on its post-judgment motion, ‘the court must grant the request.’ Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000). However, although a trial court errs when it fails to hold a requested hearing on a Rule 59 postjudgment motion, the supreme court has explained that such error does not always require reversal:
“ ‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
“Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989).”
Isbell v. Rogers Auto Sales, 72 So.3d 1258, 1260-61 (Ala.Civ.App.2011) (second emphasis added).
We must determine, therefore, whether the juvenile court’s failure to hold a hearing on DHR’s postjudgment motion constituted harmless error. Our supreme court has discussed the propriety of a motion to alter, amend, or vacate a summary judgment in circumstances such as those in the instant case, explaining:
“This Court in Moore v. Glover, 501 So.2d 1187 (Ala.1986), provided a basis for determining whether a motion to reconsider [a judgment] is proper.
“ ‘A motion for reconsideration made after the entry of an order granting a summary judgment is not proper where the motion is not directed to a reconsideration of the evidence upon which summary judgment was based or does not seek a reargument of the legal considerations underlying the initial judgment, but is instead simply used by plaintiff to submit evidence, *785 belatedly, in opposition to the defendant’s motion for summary judgment.’
“501 So.2d at 1189. This Court held that the motion to reconsider in Moore had been properly denied because it was ‘not intended to have the 'trial court reconsider the evidence on which it had based its order granting summary judgment,’ but to reconsider the summary-judgment order in light of new evidence. 501 So.2d at 1188-89. In order to present new evidence in a motion to alter, amend, or vacate a summary judgment, ‘ “the plaintiff must show circumstances which prevented his presenting evidence to counter that offered in support of the summary judgment.” ’ 501 So.2d at 1189-90 (quoting Willis v. Ideal Basic Indus., Inc., 484 So.2d 444, 445 (Ala.1986)).
“In Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1369 (Ala.1988), this Court discussed the holding in Moore:
“ ‘[Tjhis Court recently decided a case analogous to the instant case involving the introduction of new evidence in a post-judgment motion. Moore v. Glover, 501 So.2d 1187 (Ala.1986). In that case the Court held that when new — as opposed to newly discovered — evidence was first introduced in a post-judgment motion and no reason or justification was given for failing to present the evidence while the summary judgment motion was pending, the trial judge could not consider the new evidence. Moore, 501 So.2d at 1189. Nevertheless, if the plaintiff had “offered a proper explanation for his failure to offer that additional evidence in response to defendant’s motion for summary judgment, the trial court could have considered it in deciding whether to amend or vacate its entry of summary judgment.” Id. (emphasis supplied). Furthermore, “[a]ny reasonable explanation of the party’s failure to offer evidence in response to a motion for summary judgment [would] suffice, but this does not mean that under the guise of a Rule 59(e) motion a party [could] belatedly submit available evidence in opposition to a motion for summary judgment.” Moore, 501 So.2d at 1191 (Torbert, C.J., concurring specially).’
“The language in these cases from this Court indicates that, if a party offers a reasonable explanation for its failure to offer evidence in response to a motion for a summary judgment, then a court can consider the evidence in a Rule 59(e) motion.”
McCollough v. Regions Bank, 955 So.2d 405, 408-09 (Ala.2006).
In this case, there is no doubt that, when it responded to the mother’s motion for a summary judgment, DHR was aware of evidence that could have been submitted to create a genuine issue of material fact. In its opposition to the summary-judgment motion, DHR flatly stated that it had gathered new evidence since the issuance of this court’s opinion in C.S.B. in April 2009. DHR went on to say that it had offered the mother new services and that a second psychologist had examined the mother. However, DHR did not submit any of this “new evidence” to the juvenile court in support of its opposition to the motion for a summary judgment. When DHR finally did submit the evidence in support of its postjudgment motion, it did not provide any explanation — reasonable or otherwise — as to why it did not timely provide that available evidence. DHR could not properly use a Rule 59 postjudgment motion to belatedly submit the evidence it should have provided to. the juvenile court in opposition to the motion for a summary judgment; therefore, the juvenile court *786 could not consider the evidence when determining whether a genuine issue of material fact existed. Id.
In other words, because there was no merit to DHR’s postjudgment motion, any error that may have occurred when the juvenile court failed to hold a hearing on that motion was harmless. See Isbell, 72 So.3d at 1260-61.
DHR has failed to demonstrate that the juvenile court erred in entering the summary judgment in favor of the mother. Accordingly, the judgment of the juvenile court is affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. We note that the mother, who formerly was known as C.S.B., is now known as C.S.