On Application for Reluming

MOORE, Judge.
On application for rehearing, Or-rin G. Hudson (“the father”) asserts that copies of the orders establishing his child-support obligations for his other children are contained in the record on appeal. Therefore, he asserts, the Shelby Circuit Court (“the trial court”) erred by failing to deduct those other child-support amounts from his gross income, as required by Rule 82(B)(6), Ala. R. Jud. Admin., for purposes of calculating his child-support obligation in this case.
Although the orders referred to by the father are contained in the record, they were not submitted into evidence at the hearing before the trial court. The father first submitted copies of those orders to the trial court, in support of his post-judgment. motion. In Moore v. Glover, 501 So.2d 1187 (Ala.1986), our supreme court recognized that a trial court may not consider new evidence, as opposed to newly discovered evidencé; submitted after the entry of a judgment without an explana *872 tion as to why that new evidence could not have been pre'sented earlier. Id. at 1189-90.
Because the father failed to submit the child-support orders to the trial court at the hearing and before the trial court entered its judgment, and because the father failed to establish in' his postjudgment motion that he could'not have presented-those orders earlier, we cannot place the trial court in error for failing to credit-those monthly child-support‘payments when calculating the child support due .for the parties’ minor child.
APPLICATION OVERRULED.'
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.