Helen Amason, the executrix of the will of Dixie Twilley, deceased, filed Ms. Twilley's will for probate in the Probate Court of Clay County. Amason was a beneficiary under the will, as was Harmon Walker. (Amason and Walker are hereinafter referred to as "the proponents.") Odessa Raymond, Frankie Bell Cornell, Eunice DeLoach, and F. B. Lawson Twilley, the sisters and brother of the deceased, contested the validity of the will. (These individuals are hereinafter referred to as "the contestants.") The contest was removed to the Circuit Court of Clay County on motion of the proponents, pursuant to Ala. Code 1975, § 43-8-198. Thereafter, the proponents filed a motion for a summary judgment, supported by their answers to interrogatories, *Page 615 
Ms. Twilley's will, and the depositions of contestants Raymond, DeLoach, and Twilley. The trial court entered a summary judgment in favor of the proponents, stating, in pertinent part, as follows:
 "This case came on for hearing on the summary judgment motion filed by the will proponents. At that hearing the plaintiffs orally stated that the sole basis for the contest was that the testat[rix] was of unsound mind at the time of the will's execution. (The court considered only those parts of the depositions, interrogatories, etc. that were submitted in support of or in opposition to the motion, by court order pursuant to Rule 5(d).)
 "The will proponents presented evidence in support of their motion, and the will contestants submitted no evidence in opposition. Considering what is before the court, there is no genuine issue as to the testat[rix]'s soundness of mind.
 "Wherefore, the motion for summary judgment is hereby GRANTED. It is hereby ORDERED, ADJUDGED, and DECREED that the will of Dixie Twilley, dated February 24, 1989, is valid."
Within 30 days of the entry of the summary judgment, the contestants filed what appears to be a Rule 59(e), A.R.Civ.P., motion to vacate the judgment. That motion was supported by various affidavits concerning Ms. Twilley's state of mind. Relying on Moore v. Glover, 501 So.2d 1187 (Ala. 1986), the trial court denied the motion to vacate, on the ground that the affidavits were untimely. The contestants appealed. We affirm.
Summary judgment was proper only if there was no genuine issue of material fact and the proponents were entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on the proponents to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to the contestants to present evidence sufficient to avoid the entry of a judgment against them. In determining whether there was a triable issue of fact, this Court must view the evidence in a light most favorable to the contestants and resolve all reasonable doubts against the proponents. Because this action was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12.
In their respective answers to the interrogatories propounded by the contestants, the proponents stated that they had not "observed" or "learned" of a "mental abnormality" in Ms. Twilley in the six months immediately preceding her death. The three contestants who were deposed testified that they had no personal knowledge of Ms. Twilley's state of mind at the time she executed her will. The will itself was made self-proving, pursuant to Ala. Code 1975, § 43-8-132, by the acknowledgement of Ms. Twilley and the affidavits of two witnesses in Code form.[1] *Page 616 
The record shows that this was the only evidence that was before the trial court at the time it entered the summary judgment. In our view, the proponents made a prima facie showing that the will was valid and, therefore, that they were entitled to a judgment as a matter of law. Consequently, it was incumbent upon the contestants to come forward with sufficient evidence to create a triable issue of fact. They did not do so. Accordingly, the trial court had no alternative but to enter a summary judgment for the proponents. Furthermore, the trial court did not err in denying the contestants' Rule 59(e) motion. It appears to us that the contestants were attempting to use that motion as a means of submitting evidence, belatedly, in opposition to the proponents' motion for summary judgment. This Court has held that a Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment.Moore v. Glover, supra.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Section 43-8-132 reads, in pertinent part, as follows:
 "Any will may be simultaneously executed, attested, and made self-proved, by acknowledgment thereof by the testator and affidavits of the witnesses, each made before an officer authorized to administer oaths under the laws of the state where execution occurs and evidenced by the officer's certificate, under official seal, in substantially the following form:
 " 'I __________, the testator, sign my name to this instrument this _____ day of __________, 19__, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my last will and that I sign it willingly (or willingly direct another to sign for me), that I execute it as my free and voluntary act for the purposes therein expressed, and that I am 18 years of age or older, of sound mind, and under no constraint or undue influence.'
 __________________________________ "Testator
 " 'We, __________, the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that the testator signs and executes this instrument as his last will and that he signs it willingly (or willingly directs another to sign for him), and that each of us, in the presence and hearing of the testator, hereby signs this will as witness to the testator's signing, and that to the best of our knowledge the testator is 18 years of age or older, of sound mind, and under no constraint or undue influence.'
 __________________________________ "Witness
 __________________________________ "Witness
 "State of _____________________________ "County of ____________________________
 "Subscribed, sworn to and acknowledged before me by __________, the testator and subscribed and sworn to before me by __________, and __________, witnesses, this __________ day of __________, 19__. "(Signed) __________ "SEAL
 _____________________________________________ "(Official Capacity of Officer)"