HOUSTON, Justice.
Hillard Jenkins filed a complaint, under the provisions of Ala.Code 1975, § 6-6-540 et seq., to quiet title to three parcels of land in Shelby County, Alabama, in Jenkins and against Sherman Holland. Holland denied that Jenkins was in peaceable possession of the three parcels of land and claimed title to those parcels by three 1984 tax deeds from the state land commissioner. After Jenkins amended his complaint to include a fourth parcel, Holland amended his answer to include the following:
“4. That [Holland], after further information has been obtained, denies that he [Holland] has any interest in or to any of the three parcels described in the original Complaint, nor to the fourth parcel added by amended [sic] to the original Complaint.”
Jenkins filed a motion for summary judgment, with accompanying affidavits showing that he had been in the exclusive possession of the 4 parcels for more than 25 years before this action was filed; that parcels 1, 2, and 3 were contiguous; that he had built a home on this property in 1945 and had lived there continuously since that time; that he had purchased parcel 4 in 1955 by tax deed and had been in exclusive possession of that parcel since that time; that he had assessed and paid taxes on the 4 parcels for more than 25 years; and that no one had assessed or paid taxes on these 4 parcels from 1959 through and including 1985, when Holland started “double-assessing” parcel 4. Holland filed a motion in opposition, with affidavits; those affidavits did not refute Jenkins’s affidavits, which had made a prima facie case for the relief sought by Jenkins. The trial court granted Jenkins’s motion for summary judgment.
*1348 Holland argues that because he denied owning any interest in the four parcels, the trial court should have dismissed Jenkins’s complaint rather than adjudicate that, as between Jenkins and Holland, Jenkins had superior title to the four parcels. Ala.Code 1975, § 6-6-545, provides that if a defendant in his answer disclaims any interest in the land in question (as Holland did here in his amended answer), then “the court shall ..., without further proof, adjudge that such defendant has no estate or interest in or encumbrance on such lands, or any part thereof.” This the trial court did.
In a Rule 59(e), A.R.Civ.P., motion to alter, amend, or vacate the judgment, Holland claimed for the first time that the court could ascertain from the record before it that Jenkins had not described the lands with certainty. Holland attached to his motion an affidavit of a surveyor. The motion sought to have the trial court vacate the summary judgment in light of the new evidence (as opposed to “newly discovered evidence”) belatedly submitted by Holland. This is not the purpose of a Rule 59(e) motion. In Moore v. Glover, 501 So.2d 1187, 1189 (Ala.1986), Justice Beatty wrote:
“A motion for reconsideration made after the entry of an order granting a summary judgment is not proper where the motion is not directed to a reconsideration of the evidence upon which summary judgment was based or does not seek a reargument of the legal considerations underlying the initial judgment, but is instead simply used ... to submit evidence, belatedly, in opposition to [the] motion for summary judgment. A Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment.”
See, also, Purvis v. PPG Industries, Inc., 502 So.2d 714, 716 (Ala.1987), and Raymond v. Amason and Walker, 565 So.2d 614 (Ala.1990). The trial court did not err in overruling Holland’s motion.
The trial court declared that Holland had no right, title, or interest in or to, or en-eumbranee upon, the four parcels described in the complaint, as amended, and described in the trial court’s order; and the court annulled the tax deeds conveying the four parcels to Holland, with specific reference to the books and to the page number in each of those books at which those tax deeds were recorded in the office of the probate judge of Shelby County.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.