JOHNSTONE, Justice.
We granted a writ of certiorari to review the judgment of the Court of Civil Appeals affirming a summary judgment entered in favor of the respondent on his claim for attorney fees to be deducted incrementally from future installments of Trinity Act benefits the respondent won for the petitioner when the respondent represented the Petitioner, a City of Montgomery employee, in a suit against the City of Mont *1013 gomery for on-the-job injuries. The Trinity Act provides for benefits in addition to those due under the workers’ compensation statute. This opinion will not discuss the workers’ compensation claim or issues or any other ancillary claims or issues before the trial court or the Court of Civil Appeals, for such claims and issues are immaterial to the precise issue before us — ■ the validity of the summary judgment ordering incremental payment of attorneys fees from future Trinity Act benefit installments.
The petitioner argues that the doctrine of res judicata barred the entry of this summary judgment. The record before us, however, does not show that the petitioner fulfilled the requirements of Rule 56, Ala. R. Civ. P., for raising, supporting, and arguing the bar of res judicata in opposition to the respondent’s motion for summary judgment in the trial court. Accordingly, the summary judgment will be affirmed.
A trial court decides a motion for summary judgment upon a consideration of whatever materials are submitted in support of or in opposition to the motion. Ex parte City of Montgomery, 758 So.2d 565 (Ala.1999), and Moore v. Glover, 501 So.2d 1187 (Ala.1986). The trial court cannot consider any facts not of judicial notice except those facts evidenced by materials contained in the trial court record upon submission of the motion for summary judgment. See Moore, supra. Likewise, the trial court cannot be reversed on any ground or argument not presented for or against the motion. MetFuel, Inc. v. Louisiana Well Service Co., 628 So.2d 601 (Ala.1993), and Bevill v. Owen, 364 So.2d 1201 (Ala.1979).
An appellate court can consider a fact to support or to undermine a summary judgment only to the extent that the record on appeal contains materials from the record before the trial court evidencing that fact at the time of submission of the motion for summary judgment. Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala.1991). Likewise, the appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for summary judgment. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992). On the other hand, an appellate court can affirm a summary judgment on any valid argument, regardless of whether the argument was presented to, considered by, or even rejected by the trial court. Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988).
The summary judgment we are now reviewing grants the respondent, toward his attorney fees, a percentage of each future installment of the petitioner’s Trinity Act benefits, won for the petitioner by the respondent when the respondent represented the petitioner. The petitioner-client argues to us only that the doctrine of res judicata barred the trial court from entering this summary judgment. Specifically, the petitioner-client argues that, long before the trial court entered this summary judgment, the trial court already had entered an order denying the respondent payment of his attorney fees in a lump sum from the commuted then-present value of the future installments of the petitioner-client’s Trinity Act benefits, that the respondent-attorney had appealed this denial (in an appeal preceding the one which occasioned the instant certiorari review), that the Court of Civil Appeals affirmed that denial, and that the denial so affirmed constituted a res judicata bar to the petitioner-attorney’s subsequent motion to obtain payment of his attorney fees in increments of the future installments of the Trinity Act benefits. Noteworthily, the relief earlier denied by the trial court was lump sum payment; and the relief later sought and granted (and now being reviewed) is incremental payment.
*1014 After the respondent-attorney filed his motion for summary judgment for this latest relief, incremental payment, the petitioner-client filed no opposition or response whatsoever to the motion for summary judgment. Moreover, although the petitioner-client’s new lawyer appeared at the hearing on the motion for summary judgment, he did not orally argue res ju-dicata or even utter those words.
Among the materials the record before us shows to have been in the trial court file when the motion for summary judgment was submitted for decision are, in the order of filing, three motions filed by the respondent-attorney seeking his attorney fees for his Trinity Act services, a response filed by the petitioner-client responding “to all of the motions,” and an amendment to the response, all filed before the respondent-attorney filed his motion for summary judgment. Literally the only reference to res judicata our record shows to have been in the trial court record when the motion for summary judgment was submitted for decision is a single sentence in the amendment to the response, filed before the motion for summary judgment was filed, as follows: “5. Claims of Mr. Walden [the respondent-attorney] are barred by the doctrine of res judicata.”
One of the essential elements of a res judicata bar is a pre-existing final judgment. Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990). For this element, the petitioner-client now argues the trial judge’s July 1, 1996 order denying the lump sum payment. This order, however, includes no language constituting it a final judgment. Likewise, the record before us contains no motion or order to include language of finality and appealability in the July 1, 1996 order under Rule 54(b), Ala. R. Civ. P. Further the record before us contains neither any notice of appeal nor any designation of the record on appeal nor any opinion, decision, order, or judgment from any appellate court or any citation to such decision, relating to any appeal of this July 1, 1996 order. Thus, the record before us fails to show that the record before the trial judge put him on notice of any pre-existing final judgment when he considered the respondent-attorney’s motion for summary judgment for incremental payment of his attorney fees. Indeed, for aught that appears, the July 1, 1996 denial of lump sum payment was entirely interlocutory.
Another essential element of a res judicata bar is identity of issues — that is, sameness of the issues determined by a pre-existing final judgment and the issues determinative of the relief to be barred. Dairyland Ins. Co., supra. The record before us, however, does not contain any motion filed by the respondent-attorney seeking the particular relief — lump-sum payment — denied by the trial judge in his July 1, 1996 order. Thus the record before us does not show what issues such a motion, if one was filed, presented to the trial judge. Moreover, as already discussed, the record before us contains no materials relating to the appeal of the July 1, 1996 denial and thus contains no showing that any such materials put the trial judge on notice of any issues determined by the appeal. Therefore the record before us fails to show that the trial judge was on notice of any identity of issues (if identity of issues existed at all) that would contribute to a res judicata bar when he considered the respondent-attorney’s motion for summary judgment for incremental payment of his fees.
“If the [nonmoving] party does not so respond, summary judgment, if appropriate, shall be entered against him.” Rule 56(e), Ala. R. Civ. P. This Court has held:
“A lack of response by the nonmoving party will not automatically result in the entry of summary judgment, but, instead, that party will risk having the motion granted against him if granting the motion is appropriate on the merits. Ex parte Oden, 617 So.2d 1020 (Ala. 1992).”
*1015 Ex parte City of Montgomery, 758 So.2d at 568. As demonstrated, the record before us does not show that the trial judge was on notice of any pre-existing judgment or of any identity of issues that would contribute to a res judicata bar when he entered the summary judgment now under review. Therefore, we affirm the decision of the Court of Civil Appeals affirming the summary judgment.
AFFIRMED.
HOOPER, C.J., and HOUSTON, COOK, LYONS, BROWN, and ENGLAND, JJ., concur.
MADDOX and SEE, JJ., concur in the result.