[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-16485
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-03298-CV-P-S

ROBERT B. EUBANKS,

                                        Plaintiff-Appellant,

                    versus

MOUNTAIN BROOK, ALABAMA, CITY OF,
RON LAMON,

                                        Defendants-Appellees.

MARTY KEELY,

                                        Defendant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(August 10, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Plaintiff Robert Eubank, proceeding pro se, appeals the district court's grant of summary judgment to Defendants City of Mountain Brook, Alabama, and Officer Ron Lamon and the denial of his own motion for summary judgment. Plaintiff drove around orange safety cones and became stranded on a visibly-flooded road. Officer Lamon arrived at the scene, talked with Plaintiff, and ultimately arrested Plaintiff for driving under the influence of alcohol. Plaintiff alleged his arrest was without probable cause and in violation of the Fourth Amendment and as a remedy, invoked 42 U.S.C. § 1983 against the City and Officer Lamon. Plaintiff also alleged state-law claims of negligence, wantonness, false imprisonment, and false arrest against Officer Lamon. No reversible error has been shown; we affirm.

We review de novo the grant of summary judgment, using the same legal standard as the district court. Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999).

Section 1983 claim against Mountain Brook

Plaintiff alleged Mountain Brook was liable under section 1983 for failure to train Officer Lamon properly. The district court granted summary judgment to the City because Plaintiff abandoned this claim by not responding to the City's arguments on this claim in its motion for summary judgment and, alternatively, because Plaintiff presented no evidence that he suffered a constitutional violation as a result of a City policy or custom. Plaintiff argues that summary judgment was improperly granted to the City because the City did not show it adequately trained Officer Lamon.

At summary judgment, "the non-moving party . . . bears the burden of coming forward with sufficient evidence on *each element* that must be proved." Earley v. Champion Intern. Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). A municipality is not liable under section 1983 for failure to train a police officer unless the failure to train is a City policy or custom. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Because Plaintiff presented no evidence that Mountain Brook had a policy or custom of failing to train police officers, the district court properly granted summary judgment to the City on this claim.

<u>Section 1983 Claim against Officer Lamon</u>

The district court properly determined that Officer Lamon was entitled to qualified immunity on Plaintiff's section 1983 claim. Officer Lamon was performing a discretionary function at the time of the alleged violation. <u>See</u> <u>Ex parte City of Montgomery</u>, 758 So.2d 565, 570 (Ala. 1999) (determining that arresting a person for driving under the influence of alcohol is a discretionary function), <u>abrogated on other grounds by</u> <u>Ex Parte Cranman</u>, 792 So.2d 392, 404 (Ala. 2000).

Plaintiff claims that Officer Lamon violated Plaintiff's clearly established Fourth Amendment rights because the Officer lacked probable cause to arrest Plaintiff. Plaintiff says the Officer lacked probable cause because the crime is a misdemeanor and because Officer Lamon did not personally observe Plaintiff driving the vehicle. As support, Plaintiff cites two Supreme Court cases which refer to the common-law rule that in general, warrantless arrests for misdemeanors are only appropriate if the misdemeanor was committed in the officer's presence. See United States v. Watson, 96 S. Ct. 820, 825 (1976); Davis v. United States, 66 S.Ct. 1256, 1271 (1946). But the Supreme Court has never decided that the Fourth Amendment requires that a misdemeanor must always have occurred in an

4

officer's presence for the officer to make a warrantless arrest.  See Atwater v. City of Lago Vista, 121 S.Ct. 1536, 1550 (2001) (refusing to "speculate whether the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests."); see also Knight v. Jacobson, 300 F.3d 1272, 1275-76 (11th Cir. 2002) (rejecting claim that warrantless arrest for misdemeanor committed outside officer's presence violated  Fourth Amendment).

In addition, Alabama law says a warrantless arrest is appropriate if the arrest is "authorized by statute, such as Ala. Code . . . [§] 32-5A-191[.]" Ala. R. Crim. P. 4.1.  Plaintiff was arrested under Ala. Code § 32-5A-191, which says that "[a] person shall not drive or be in actual physical control of any vehicle while . . . [u]nder the influence of alcohol."  The statute does not require that the arresting officer witness the person driving under the influence; the officer need only find the individual to be in actual physical control of the vehicle while under the influence of alcohol.

Officer Lamon had at least arguable probable cause to suspect that Plaintiff was in actual physical control of his vehicle while under the influence of alcohol. Officer Lamon observed at the scene that Plaintiff's breath smelled of alcohol, that Plaintiff almost fell when trying to step out of his vehicle, and that Plaintiff's speech was slurred.  Plaintiff admitted to the Officer at the scene that he had

driven the vehicle moments earlier. Both Plaintiff and witnesses told the Officer that Plaintiff had driven his car around safety roadblocks and into a flooded street.

Because Officer Lamon had at least arguable probable cause for the arrest and no clearly established law prohibited his making the arrest, the district court properly determined Lamon was entitled to qualified immunity. Knight, 300 F.3d at 1274.

State Law Claims against Officer Lamon

Plaintiff alleged state law claims of negligence, wantonness, false imprisonment, and false arrest against Officer Lamon. The district court properly granted summary judgment to Officer Lamon on these claims because the officer was entitled to discretionary-function immunity under Alabama Code § 6-5-338(a).

To qualify for immunity under this statute, Officer Lamon must show he was engaged in a discretionary function when the alleged tort occurred. Sheth v. Webster, 145 F.3d 1231, 1238 (11th Cir. 1998). Then to deny Officer Lamon immunity, the burden shifts to Plaintiff to demonstrate that Lamon acted in bad faith, with malice or willfulness. Id. at 1239.

6

As discussed above, Officer Lamon was engaged in a discretionary function when he arrested Plaintiff. Plaintiff has neither alleged nor offered evidence that Officer Lamon acted in bad faith. Therefore, the district court properly determined Officer Lamon was entitled to discretionary function immunity.

**AFFIRMED.**